

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00179-CR

DONNA JANE POWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F15695

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Donna Jane Powell pled guilty to possession of one gram or more but less than four grams of methamphetamine, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Supp.). In accordance with the terms of her plea-bargain agreement with the State, the trial court placed Powell on deferred adjudication community supervision for eight years and ordered her to pay a $500.00 fine. The terms and conditions of Powell's negotiated deferred adjudication community supervision also required her to report to her community supervision officer monthly, complete 240 hours of community service at a minimum rate of twelve hours per month, and successfully complete outpatient treatment through the Marion County Community Supervision and Corrections Department. In a motion to proceed to an adjudication of guilt, the State alleged that Powell failed to comply with these terms and conditions of her community supervision and did not pay required fees. After Powell pled true to all of the State's allegations in open court, the trial court revoked Powell's community supervision, adjudicated her guilt, and sentenced her to ten years' imprisonment. Powell appeals.

Powell's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503,

509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By February 12, 2025, counsel had mailed to Powell copies of the brief, the motion to withdraw, and the appellate record. Powell was informed of her rights to review the record and file a pro se response. On February 24, this Court informed Powell that her pro se brief was due on or before March 26. On April 17, we further informed Powell that the case would be set for submission on May 8. We received neither a pro se response from Powell nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Scott E. Stevens
Chief Justice

Date Submitted:     May 8, 2025
Date Decided:       May 30, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.